**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jovita Carranza, | No. CV-20-01307-PHX-DJH |
| Appellant, | **ORDER** |
| v. | |
| PCT International Incorporated, | |
| Appellee. | |

This is a bankruptcy appeal arising from an Order and Judgment of Bankruptcy Judge Paul Sala of the District of Arizona (the "bankruptcy court"). Pending before the Court is Appellee PCT International, Inc.'s ("PCT") Motion to Dismiss (Doc. 21). Appellant Jovita Carranza[1], Administrator of the Small Business Administration ("SBA") filed a Response (Doc. 25), and PCT filed a Reply (Doc. 27).

**I.   Background**

    **A.   The Paycheck Protection Program ("PPP")**

Congress enacted the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") on March 27, 2020. Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, 134 Stat. 281 (2020). Title I of the Act – the Keeping American Workers Paid and Employed Act – established that the SBA would administer the Paycheck Protection Program ("PPP"). 15 U.S.C. § 636(a)(36). The PPP provides guaranteed, forgivable loans to eligible small businesses for the coverage of certain

---

[1] Carranza left the position of Administrator of the SBA on January 20, 2021. (Doc. 32).

expenses including payroll costs, rent, and utilities among other things. CARES Act § 1102(a)(2); 15 U.S.C. §§ 636(a)(36)(G) and 9005(b). The SBA does not extend the loan, but it does guarantee the loans made by participating lenders. CARES Act § 1106; 15 U.S.C. § 9005(b), (c)(3). Therefore, if the loan qualifies for forgiveness, the SBA will pay the lender for the amount forgiven with funds allocated by Congress. CARES Act § 1106; 15 U.S.C. § 9005(b), (c)(3).

After passage of the CARES Act, the SBA issued several interim final rules concerning the administration of the PPP program. Only the fourth is relevant to this proceeding. The fourth interim final rule prohibits businesses presently in bankruptcy proceedings from receiving PPP loans. Promissory Notes, Authorizations, Affiliation, and Eligibility, 85 Fed. Reg. 23450 (Apr. 28, 2020). The Rule provides:

> The Administrator, in consultation with the Secretary, determined that providing PPP loans to debtors in bankruptcy would present an unacceptably high risk of an unauthorized use of funds or non-repayment of unforgiven loans. In addition, the Bankruptcy Code does not require any person to make a loan or a financial accommodation to a debtor in bankruptcy. The Borrower Application Form for PPP loans (SBA Form 2483), which reflects this restriction in the form of a borrower certification, is a loan program requirement. Lenders may rely on an applicant's representation concerning the applicant's or an owner of the applicant's involvement in a bankruptcy proceeding.

*Id.*

### B. Procedural History

On November 15, 2019, involuntary Chapter 7 bankruptcy petitions were filed against PCT and its parent corporation. (Docs. 21 at 1; 25-1 at ¶ 4). PCT converted its bankruptcy case to a reorganization case under Chapter 11 of the U.S. Bankruptcy Code, 11 U.S.C. § 101, by which it would continue to operate the business during the proceedings. (Docs. 21 at 1; 25-1 at ¶¶ 5–6). On April 14, 2020, PCT submitted a PPP application to its lender indicating PCT was engaged in bankruptcy proceedings, which the lender ultimately rejected. (Doc. 25-1 at ¶¶ 31, 37). On May 5, 2020, PCT commenced an adversary proceeding against Appellant Jovita Carranza in her capacity as Administrator for the U.S.

Small Business Administration ("SBA") in the bankruptcy court, seeking the court to rule that the SBA improperly denied PCT a PPP loan. (Doc. 25 at 2). On June 12, 2020, the bankruptcy court entered its final judgment against the SBA and in favor of PCT, holding that the SBA arbitrarily and capriciously exceeded its authority in issuing the fourth interim rule, by barring Chapter 11 debtors from obtaining PPP loans. (Docs. 25-1 at ¶¶ 41–42; 27 at 2).

The SBA orally requested a stay moments after the bankruptcy court's ruling which the court denied, finding the SBA was not likely to succeed on the merits. (Doc. 27 at 2). The SBA did not subsequently file a renewed motion to stay with the bankruptcy court or with this Court. Thereafter, the bankruptcy court found that PCT was authorized, pursuant to § 364(b) of the Bankruptcy Code, to apply for a PPP loan in an amount up to the maximum amount available to it under the PPP. (Doc. 21-2).

Based on the authority granted under § 364(b) and pursuant to the bankruptcy court's order, PCT filed a PPP application with MidFirst Bank on June 22, 2020. (Doc. 27 at 2). The SBA voluntarily stated in writing that it would guaranty the loan before MidFirst proceeded. (Doc. 27 at 3). MidFirst then approved the PPP loan application on June 24, 2020. (Doc. 27 at 2; Doc. 25-4 at 5) On June 25, 2020, MidFirst advanced the PPP loan to PCT in the amount of $847,600.00. (Doc. 25-6 at 4). PCT subsequently spent the entire PPP loan on payroll, utilities, and rent, which are all allowable expenses under the PPP. (Doc. 21-1 at 3). On July 1, 2020, this Court received an appeal of the bankruptcy court's order filed by the SBA. (Doc. 1).

### C.  Appeal

In its appeal, the SBA argues that the bankruptcy court erred in holding that it exceeded its authority in issuing the interim rule. (Doc. 1). PCT filed a Motion to Dismiss the appeal, arguing that the appeal is equitably moot because SBA did not protect its rights by seeking a stay as required by Rule 8007, and because the money has already been spent. (Doc. 21). By the time SBA filed its appeal, PCT had spent the entire $847,600.00 on qualifying expenses, including payroll for dozens of employees.

## II. Legal Standard

This Court has jurisdiction to hear appeals from bankruptcy court final judgments under 11 U.S.C. § 1121(d); 28 U.S.C. § 158(a). Federal Rule of Bankruptcy Procedure Rule ("Rule") 8007 establishes that to appeal, "a party must move first in the bankruptcy court for . . . a stay of a judgment, order, or decree of the bankruptcy court pending appeal." Rule 8007(a)(1)(A). If a party brings an appeal without moving first in the bankruptcy court, they must show that "moving first in the bankruptcy court would be impracticable." *Id.* at (b)(2)(A).

Where a party fails to seek a stay of the judgment, any future appeal of that judgment may be moot. "Equitable mootness is a prudential doctrine by which a court elects not to reach the merits of a bankruptcy appeal." *In re Transwest Resort Props., Inc.*, 801 F.3d 1161, 1167 (9th Cir. 2015). Courts invoke the equitable mootness doctrine to dismiss a bankruptcy appeal "when there has been a comprehensive change of circumstances . . . so as to render it inequitable for this court to consider the merits of the appeal." *Rev Op Grp. v. ML Manager LLC*, 771 F.3d 1211, 1214 (9th Cir. 2014).

Courts in the Ninth Circuit apply a four-factor test to determine whether an appeal is equitably moot:

> We will look first at whether a stay was sought, for absent that a party has not fully pursued its rights. If a stay was sought and not gained, we then will look to whether substantial consummation of the plan has occurred. Next, we will look to the effect a remedy may have on third parties not before the court. Finally, we will look at whether the bankruptcy court can fashion effective and equitable relief without completely knocking the props out from under the plan and thereby creating an uncontrollable situation for the bankruptcy court.

*In re Thorpe Insulation Co.*, 677 F.3d 869, 881 (9th Cir. 2012).

The first factor, whether a stay was sought, is in line with Rule 8007, which provides for the party seeking the appeal to make an "initial motion in the Bankruptcy Court," and a "Motion in the District Court." Rule 8007 (a), (b). After a party has moved for a stay in the bankruptcy court and been denied, or has shown that for some reason it was

"impracticable" to move the bankruptcy court, the party who seeks appeal of the judgment may make application to stay the judgment in the district court. Rule 8007(b)(1). When a party fails to seek a stay of the judgment pending an appeal, there is a presumption of mootness. Failure to diligently seek a stay renders it inequitable for the court to consider the appeal. *In re Roberts Farms, Inc.*, 652 F.2d 793, 798 (9th Cir. 1981) (finding where a stay was not sought that the "appellants flunked the first step").

This doctrine emerged from the public policy that values finality of bankruptcy judgments because debtors, creditors, and third parties are entitled to rely on final bankruptcy court orders. *See, e.g., In re Onouli–Kona Land Co.*, 846 F.2d 1170, 1172 (9th Cir. 1988) (noting the need for finality in bankruptcy); 13B FEDERAL PRACTICE & PROCEDURE § 3533.2.3 (3d ed.) ("Bankruptcy appeals provide numerous examples of the need to protect third party interests arising from substantial implementation of a reorganization plan pending appeal."). Equitable mootness arises "when there has been a comprehensive change of circumstances . . . so as to render it inequitable for this court to consider the merits of the appeal." *Rev Op Grp. v. ML Manager LLC*, 771 F.3d 1211, 1214 (9th Cir. 2014). For an appeal to be equitably moot, "[t]he question is whether the case presents transactions that are so complex or difficult to unwind that the doctrine of equitable mootness would apply." *In re Thorpe*, 677 F.3d at 880 (internal citation omitted). In other words, "[e]quitable mootness concerns whether changes to the status quo following the order being appealed make it impractical or inequitable to unscramble the eggs." *Castaic Partners II, LLC v. Daca-Castaic, LLC*, 823 F.3d 966, 968 (9th Cir. 2016).

While originally applied in the plan confirmation context, equitable mootness has also been applied to cash collateral orders[2], debtor-in-possession financing arrangements[3],

---

[2] Cash collateral is property of a Chapter 11 debtor that a creditor has interest in based on a lien, but which the bankruptcy court allows the debtor to use for its ordinary business expenses, so long as the property is "adequately protected" by collateral. 11 U.S.C. § 363(a). Authorizing Chapter 11 debtors to use cash in this way allows the debtor to remain open during the reorganization proceeding, preventing employees from losing their jobs. *Id.*

[3] The use of financing obtained subsequent to the bankruptcy filing is referred to as "debtor-in-possession financing" and is governed by 11 U.S.C. § 364. This is in line with the

- 5 -

and settlement agreements. Both of these Sections allow the debtor to use cash to continue its operations and pay employees to continue working. 11 U.S.C. §§ 363 and 364. Courts have applied equitable mootness in these financing situations. *See Motors Samson Energy Resources Co. v. Semcrude, L.P.*, 728 F.3d 314 (3d Cir. 2013) (application of equitable mootness to approval of asset sales); *Drawbridge Special Opportunities Fund v. Shawnee Hills, Inc.*, 125 Fed. App'x 466 (4th Cir. 2005) (application of equitable mootness to payment of prepetition wages); *In re Sonora Desert Dairy, L.L.C.*, 2015 WL 65301, at *10 (B.A.P. 9th Cir. Jan. 5, 2015) (holding that where bank failed to seek a stay of the DIP financing order, that alone may be enough to render these appeals equitably moot).

## III.   Discussion

Before determining whether to reach the merits of the appeal, the Court will examine whether this appeal is equitably moot.

### A.   Whether a Stay Was Sought

The parties agree that the SBA orally requested a stay from the bankruptcy court immediately following the court's ruling. However, PCT argues that the SBA neglected to seek a stay of the Judgment or the PPP Approval Order from this Court pursuant to Rule 8007, and therefore, did not diligently pursue its rights. (Doc. 21 at 5). PCT argues that this fact alone is sufficient grounds to dismiss this appeal as equitably moot pursuant to Ninth Circuit case law. *See In re Roberts Farms*, 652 F.2d at 798 ("Appellants have failed and neglected diligently to pursue their available remedies to obtain a stay of the objectionable orders of the Bankruptcy Court and have permitted such a comprehensive change of circumstances to occur as to render it inequitable for this court to consider the merits of the appeal . . . Appellants flunked the first step").

In Response, the SBA argues that "there was no reason" to seek a stay from this Court. (Doc. 25 at 9). It reasons that because PCT quickly applied for its PPP loan, a stay from this Court would not have prevented the loan from being disbursed. (*Id.*) While this

---

purpose of Chapter 11, which is to allow the Debtor to reorganize its debts and continue to operate its business during the proceedings. To that end, the debtor is authorized by statute to continue using its property and to obtain financing to continue its operations. *Id.*

- 6 -

is not necessarily the case, it is not possible to know what would have happened with certainty. However, even if the loan had been disbursed during the time it took SBA to put together a motion to stay, it is possible that PCT would not have yet spent the funds. Ultimately though, and notwithstanding Rule 8007's direction with respect to seeking a stay in the district court, the SBA argues that it is not required "to engage in pointless motions practice," and neglected to file a motion to stay with this Court. (*Id.* at 10). In regard to Chapter 11 reorganizations, "[t]he purpose of a stay in this context is to prevent transactions that might otherwise occur in reliance on the plan of reorganization and that would be difficult or painful to undo if the appeal were to succeed." *In re Cont'l Airlines*, 91 F.3d 553, 572 (3d Cir. 1996). Thus, seeking a stay is far from pointless. As the SBA did not file a motion to stay as it was permitted to do by Rule 8007, the Court finds that this factor weighs in favor of a finding of equitable mootness.

The SBA also argues that the Court can refuse to find that equitable mootness applies, even where a party failed to formally seek a stay. *See In re Thorpe*, 881–82 ("The failure to gain a stay is one factor to be considered in assessing equitable mootness, but is not necessarily controlling."). Because there appears to be a discrepancy in the case law as to whether the failure to seek a stay is on its own controlling, the Court will examine the other three factors.

### B. Substantial Consummation

PCT argues that the bankruptcy court's order, allowing PCT to apply for and use PPP funds, has been substantially consummated. (Doc. 21 at 5-6). PCT has already sought, received, and distributed the PPP funds for SBA-approved purposes, including payroll for PCT's employees. It is undisputed that the entire PPP loan of over $800,000.00 has been spent. (Docs. 21 and 25). This was apparently of no surprise to anyone, as PCT made it known on the bankruptcy court record that it intended to apply for and use the PPP funds as soon as possible. In fact, it appears that the SBA acknowledged this, when it stated to the bankruptcy court that "the Debtor made clear they intend to use [the loan] immediately and so that it will be difficult to recover . . . it's possible that by the time any appeal is

resolved that we'll be unable to recover if we ultimately prevail." (Doc. 19-4 at 193). This is precisely what occurred.

The Court finds that the bankruptcy court's order allowing the use of PPP funds has been fully consummated. Therefore, this factor weighs in favor of a finding of equitable mootness.

### C. Effect on Third Parties

Next, the Court must consider the effect any remedy may have on third parties not before the court. PCT argues that the effect of attempting to claw back these funds would wreak havoc on its entire reorganization and business operations, and would have a detrimental impact on its employees who were paid with the PPP funds. (Doc. 21 at 6-7). Here, none of the individuals who received the funds—employees, utility providers, and landlords—are before the Court. The Court presumes that those third parties spent this money long ago. Attempting to recover those funds from these individuals and entities is not practicable. *In re Samuel*, 2018 WL 3639047, at *3 (B.A.P. 9th Cir. July 31, 2018) ("Clawing back money from these third parties would be largely impracticable, even if possible.").

The SBA argues that PCT is effectively attempting to persuade the Court into honoring the wishes of third parties over the SBA's appeal rights. (Doc. 25 at 11). Moreover, the SBA argues that the effect on third parties is not relevant, because the impairment to creditors is simply what happens under the Bankruptcy Code in these situations. (*Id.*) The SBA argues that if it succeeds on appeal, PCT will be required to repay the PPP loan, which is another typical occurrence in the bankruptcy process. Thus, it argues that funds would not necessarily have to be clawed back from third parties. (*Id.*) The Court is not persuaded.

A recent decision from the Ninth Circuit Bankruptcy Appellate Panel ("BAP") is instructive. *In re Samuel*, 2018 WL 3639047, at *3. There, the court authorized the use of cash collateral payments to third parties for the purposes of operating and maintaining the debtor's businesses. In finding that the appeal was equitably moot, the BAP noted that the

"third parties who received the cash collateral funds are not before this court. They have relied on the bankruptcy court's order and presumably spent the funds long ago. Thus, clawing back money from these third parties would be largely impracticable, even if possible." *Id.* Other courts throughout the country have similarly held that appeals are moot where the cash has already been spent, and where the matter was not stayed pending an appeal. *See Dahlquist v. First Nat'l Bank*, 737 F.2d 733, 735 (8th Cir. 1984) (appeal of a cash collateral order is moot once the funds have been spent); *Congress Fin. Corp. v. Shepard Clothing Co.*, 2002 WL 1739021, at *1 (D. Mass. July 26, 2002) (appeal moot where the cash collateral authorized to be spent had been used); *Bankwest, N.A. v. Todd*, 49 B.R. 633, 637-38 (D.S.D. 1985) (appeal equitably moot as to both spent and unspent funds because it would be both "economically unwise and inequitable" to reverse the cash collateral order).

Here, it is undisputed that the PPP funds have been spent on a number of third parties not before this Court. The Court finds that it would be unpractical to unwind the payments made to the third parties. Therefore, this factor weighs in favor of a finding of equitable mootness.

**D.     Availability of Effective and Equitable Relief**

Finally, the Court must determine whether the bankruptcy court can fashion effective and equitable relief if this Court reverses on appeal, without creating a difficult situation for the bankruptcy court to unravel.

The SBA first argues, without citing any authority, that PCT cannot meet its burden to establish equitable mootness because it "requires showing that the appeal would render the bankruptcy case uncontrollable." (Doc. 25 at 9). While the word "uncontrollable" does appear along with 95 others in the four-factor test for equitable mootness, it is only a single word in one of the factors. *In re Thorpe*, 677 F.3d at 881.

PCT argues that the relief the SBA seeks cannot be obtained, because the money has already been paid to and spent by dozens of third parties. PCT argues that any remedy would render its bankruptcy case uncontrollable, because it would substantially threaten

the future of the entire reorganization plan. Moreover, PCT contends that the entirety of its case depended on obtaining the PPP funds to survive. (Doc. 21 at 7). Douglas Drury, general counsel of PCT, stated in his Declaration that had it not received the PPP loan, the Plan of Reorganization that has now been approved by a majority of PCT's creditors may not have been proposed. (Doc. 21-1 at 4).

The SBA seems to agree that reversing the bankruptcy court's order would create a turbulent situation, but argues that the present situation is PCT's doing because "PCT chose to file an adversary complaint asserting claims that have been denied by the great majority of courts that have addressed them." (Doc. 25 at 9). While the SBA would like the Court to find that the underlying issues are meritless, it is difficult for the Court to fault PCT for filing a proceeding that it was ultimately victorious on in the bankruptcy court, which enabled it to obtain over $800,000.00 in financing to continue to operate its business and pay its employees. What is undisputed is that the PPP funds have been spent. These funds have been paid out to dozens of individuals and entities, and in accordance with SBA rules. While the bankruptcy court may be able to fashion some sort of relief on remand, it is also certain that the issues are certainly much more complicated now that the money has been paid out to numerous third parties. However, because PCT has not established that the bankruptcy court would be completely unable to fashion an effective and equitable remedy, the Court finds that this factor is neutral.

**IV. Conclusion**

Having found that three of the four factors warrant a finding of equitable mootness, including the first factor which some courts consider dispositive on its own, the Court finds this appeal is equitably moot. Therefore, the Court will not reach the merits of the appeal and will dismiss this matter.

/ / / /

/ / / /

/ / / /

/ / / /

Accordingly,

**IT IS HEREBY ORDERED** that PCT's Motion to Dismiss (Doc. 21) is **granted**. The Clerk of Court is directed to enter judgment in PCT's favor and terminate this matter.

Dated this 7th day of September, 2021.

Honorable Diane J. Humetewa
United States District Judge